**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In re:**

| | |
|---|---|
| **Eagles Rest Development, LLC,** | **BK 08-36741** |
| **Debtor** | |

**NOTICE OF HEARING ON MOTION TO DISMISS CHAPTER 11 CASE**

The United States Trustee has filed a motion to dismiss this chapter 11 case.

The hearing will be held on June 22, 2009, at 10:30 a.m. before the United States Bankruptcy Court, Courtroom No. 2B, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

Any response to this motion must be filed and delivered not later than June 17, 2009, which is three days before the time set for the hearing (excluding intermediate Saturdays, Sundays and legal holidays), or filed and served by mail not later than June 11, 2009, which is seven days before the time set for the hearing (excluding intermediate Saturdays, Sundays and legal holidays). Local Bankruptcy Rule 9006-1.

Dated: _____                              _____

                                                Clerk of Court

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

**In re:**

    **Eagles Rest Development, LLC,**          **BK 08-36741**

        **Debtor**

---

**NOTICE OF HEARING AND MOTION TO DISMISS CHAPTER 11 CASE**

---

    COMES NOW the United States Trustee and moves the Court to dismiss this chapter 11 case. In support of his motion, he states the following:

    1.    The hearing will be held on June 22, 2009, at 10:30 a.m. before the United States Bankruptcy Court, Courtroom No. 2B, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

    2.    Any response to this motion must be filed and delivered not later than June 17, 2009, which is three days before the time set for the hearing (excluding intermediate Saturdays, Sundays and legal holidays), or filed and served by mail not later than, June 11, which is seven days before the time set for the hearing (excluding intermediate Saturdays, Sundays and legal holidays). Local Bankruptcy Rule 9006-1.

    3.    The UST has standing to bring this motion pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586. This matter is a core-proceeding arising under 28 U.S.C. § 157(b)(2)(A). The bankruptcy court has jurisdiction pursuant to 28 U.S.C. § 1334. This motion is brought pursuant to 11 U.S.C. § 1112(b). Local Bankruptcy Rule 1017-2 provides that a motion to dismiss may be treated as a motion to convert by the Bankruptcy Court if it finds

2

conversion in the best interest of the creditors and the estate.

4. The debtor commenced this case on December 19, 2008.

5. A Section 341 meeting was held on February 3, 2009 and presided over by the undersigned attorney for the US Trustee. At the meeting, the debtor testified, through officer and 50% member Scott LaFavre, that the debtor was formed to hold an approximately 100.07 acre site with the intent of developing the property for residential lots. The debtor defaulted on its loan with the primary lender and a foreclosure sale on the real estate was held in approximately December 2007. The debtor testified that it filed for bankruptcy to extend the redemption period.

6. The debtor also testified that it had no bank accounts and had not completed 2006-2008 tax returns.

7. Prior to the meeting, on approximately January 30, 2009, counsel for the debtor communicated to the US Trustee that the debtor intended to dismiss this chapter 11 case.

8. As of this date (and after other inquiries), the debtor has not filed a motion to dismiss.

9. The debtor has failed to submit operating reports for December 2008 and for January 2009 - March 2009. Prior to the date of this hearing, the April and May 2009 reports shall become due.

10. Cause exists to convert or dismiss this case under 11 U.S.C. § 1112(b)(1) for cause, including the following:

- (b)(4)(A) (continuing loss and no reasonable likelihood of rehabilitation);
- (b)(4)(F)(unexcused failure to satisfy timely any filing or reporting

requirement established by this title or by any rule applicable under this chapter.

11. The UST reserves the right to raise any other delinquencies in reporting requirements and quarterly fees that may arise prior to the hearing on this motion.

WHEREFORE, the UST requests that the court grant expedited relief and dismiss this case.

Dated: May 6, 2009                               HABBO G. FOKKENA
                                                 United States Trustee
                                                 Region 12

                                                 /s/ Sarah J. Wencil
                                                 Sarah J. Wencil
                                                 Trial Attorney
                                                 Office of U.S. Trustee
                                                 Iowa Atty. No. 14014
                                                 1015 United States Courthouse
                                                 300 South Fourth Street
                                                 Minneapolis, MN 55415
                                                 (612) 664-5500

## VERIFICATION

  I, Sarah J. Wencil, Trial Attorney for the United States Trustee for the District of Minnesota, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on May 6, 2009             /s/Sarah J. Wencil
                     Trial Attorney
                     Office of U.S. Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

**In re:**

**Eagles Rest Development, LLC,**                    **BK 08-36741**

   **Debtor**

---

**MEMORANDUM OF LAW**

---

Section 1112(b)(1) provides that the Bankruptcy Court shall dismiss or convert a case for cause absent unusual circumstances specifically identified by the Court that establish that conversion or dismissal is not in the best interest of the estate. 11 U.S.C. § 1112(b)(1). A non-exhaustive list of cause is provided under § 1112(b)(4), which includes the following relevant provisions:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable under this chapter.

11 U.S.C. § 1112(b)(4)( A) and (F).

### Losses and Inability to Rehabilitate

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) retained former Section 1112(b)(1) as renamed Section 1112(b)(4)(A). The District of Minnesota opined that a determination under Section 1112(b)(1) [Former Section 1112(b)(4)(A)] is made by considering the following factors:

1

> A finding that the debtor suffered continuing losses or maintained a negative cash flow "after the entry of the order for relief" suffices to demonstrate continuing loss to the estate. *Fort Knox,* 2002 WL 1842452, at *2. Absence of likelihood of rehabilitation is satisfied by a showing that the debtor is unable to get the business up and running again on a firm base. *In re Minnesota Alpha Found.*, 122 B.R. 89, 93 (Bankr.D.Minn.1990); *Economy Cab*, 44 B.R. at 725 n. 2. *113 Under § 1112(b), " 'rehabilitation' contemplates the successful maintenance or re- establishment of the debtor's business operations...." *Minnesota Alpha*, 122 B.R. at 93.

*Loop Corp. v. U.S. Trustee*, 290 B.R. 108, 112-13 (D. Minn. 2003)*; see also In re Economy Cab & Tool Co., Inc.,* 44 B.R. 721, (Bankr. D. Minn. 1984) (citations omitted). The diminution in the estate need not be significant. *In re East Coast Airways, Ltd.*, 146 B.R. at 336. "All that need be found is that the estate has suffered some diminution in value. *Id.* (citing *In re Kanterman*, 88 B.R. 26, 29 (S.D.N.Y. 1988).

In this case, based on the debtor's testimony, it has no operations and no income. The redemption period on the real estate held by the debtor has expired, so there does not appear to be any underlying asset to preserve or reorganize. The debtor has also communicated that it does not intend to submit a plan of reorganization. The debtor, however, continues to incur administrative costs of professionals and costs of administration by remaining in chapter 11. There is cause to dismiss this case based on the debtor's inability to rehabilitate itself and increasing administrative costs generated by the case.

## Operating Reports

The failure to submit the December 2008 through March 2009 operating reports is cause to dismiss this case. Federal Bankruptcy Rule 2015 states that a debtor in possession *shall* comply with the following reporting requirements:

> (1) [if directed to do so by the court in a chapter 11 case, a

    complete inventory unless already filed];

    (2) keep a record of receipts and the disposition of money and property received;

    (3) file the reports and summaries required by § 704(8) of the Code;

    (4) as soon as possible after the commencement of the case, give notice of the case to every entity known to be holding money or property subject to withdrawal or order of the debtor, including every bank, savings or building and loan association...;

    (5) [disbursement reports for quarterly fees].

FED. R. BANKR. P. 2015. Section 704(8) of the Bankruptcy Code provides:

> [I]f the business of the debtor is authorized to be operating, file with the court, with the United States trustee, ... periodic reports and summaries of the operating of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires."

11 U.S.C. § 704(8). 704(8) is applicable to a Chapter 11 debtor-in-possession under 11 U.S.C. §§ 1106 and 1107. The local rules provide that a debtor "shall comply with all reasonable requirements promulgated by the United States Trustee with respect to filing reports and furnishing information." LOCAL BANKR. R. 107(B) (as amended 1994).

    The failure to submit operating reports prevents the Court, the United States Trustee and/or other interested parties from determining whether the debtor is complying with its fiduciary duties under the Bankruptcy Code. *See Clarkson v. Cooke Sales and Serv. Co. (In re Clarkson),* 767 F.2d 417, 420 (8th Cir. 1985) ("The [debtor's] failure to file operating reports or audit reports makes informed expectations about the plan's success virtually impossible.... [T]he absence of financial data and certain sources of income for the [debtors] indicates the absence of a reasonable likelihood of rehabilitation.").

Compliance with the operating reporting requirements is an indication of the good faith of the debtors, without which the debtors' plan is not confirmable under 11 U.S.C. § 1129(a)(3) and thus, subject to dismissal under 11 U.S.C. § 1112(b)(2). The Eighth Circuit Bankruptcy Appellate Panel holds that failure to submit operation reports is cause to dismiss a case: " A failure to file monthly operating reports, whether based on inability to do so or otherwise, undermines, the chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceeding." *In re Denominational New Church,* 268 B.R. 536, 538 (Bankr. 8th Cir. 2001) (citing *First Nat'l Bank v. Kerr (In re Kerr)*, 908 F.2d 400, 404 (8th Cir. 1990), wherein the Eighth Circuit affirmed a dismissal of a case for failure to submit operating reports)). *See also Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc.)* 235 F.2d 375 (8th Cir. 2000); *Quarles v. United States Trustee*, 194 B.R. 94, 97 (W.D. Va. 1996); *In re Tornheim,* 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995), *appeal dismissed*, 1996 WL 79333 (S.D. N.Y. 1996); *In re Continental Holdings, Inc.*, 170 B.R. 919, 929 (Bankr. N.D. Ohio 1994); *In re Great Am. Pyramid Joint Venture,* 144 B.R. 780, 790 (Bankr. W.D. Tenn. 1992).

Even if the debtor's operations are zero, it is required to submit reports to verify that fact under oath. Therefore, the fact that the debtor is not operating is not cause to excuse the requirement (it may be a reasonable basis to request that it submit a summary report, but the requirement is not waived because the debtor does not believe that it has to prepare a report).

The Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) codified that the failure to submit operating reports is mandatory cause to dismiss or convert a case under §1112(b)(4)(F).

**Conclusion**

A bankruptcy court has broad discretion in deciding whether to dismiss or convert a Chapter 11 case. *Lumber Exchange Bldg., Ltd. v. Mutual Life Ins. Co. (In re Lumber Exchange Bldg., Ltd.)*, 968 F.2d 647, 648 (8th Cir. 1992). The United States Trustee requests that the Bankruptcy Court dismiss this case for cause pursuant to 11 U.S.C. § 1112(b)(1) based on the reasons set forth above.

Dated: May 6, 2009
                                          HABBO G. FOKKENA
                                          United States Trustee
                                          Region 12

                                          /s/ Sarah J. Wencil
                                          Sarah J. Wencil
                                          Trial Attorney
                                          Office of U.S. Trustee
                                          Iowa Atty. No. 14014
                                          1015 United States Courthouse
                                          300 South Fourth Street
                                          Minneapolis, MN 55415
                                          (612) 664-5500

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

**In re:**

    **Eagles Rest Development, LLC,**              **BK 08-36741**

    **Debtor**

---

**UNSWORN CERTIFICATE OF SERVICE**

---

       The undersigned swears under penalty of perjury that she filed the US Trustee's motion for expedited hearing and motion to dismiss with the US Bankruptcy Court; thereby generating electronic service upon the parties indicated below. She also mailed copies of the motions via first class mail postage prepaid to the addresses indicated below.

CM/ECF:

Jeff C Braegelmann jbraegelmann@gislason.com [for American Bank of St. Paul]

David A. Orenstein dorenstein@parlaw.com, peatherton@parlaw.com

US Mail:

Eagles Rest Development, LLC
2880 50th Street West
Webster, MN 55088

Internal Revenue Service
30 E 7th St
Stop 5700 Ste 1222
St Paul, MN 55101

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Minnesota Department of Revenue
Bankruptcy Section
PO Box 64447
St Paul, MN 55164

Securities and Exchange Commission
Bankruptcy Section
175 W Jackson Blvd Ste 900
Chicago, IL 60661

State of MN Dept of Manpower Services
1st National Bank Bldg Ste E200
332 Minnesota St
St Paul, MN 55101-1351

United States Attorney
600 US Courthouse
300 S 4th St
Minneapolis, MN 55415

AMERICAN BANK
1060 DAKOTA DRIVE
MENDOTA HEIGHTS, MN 35120

DELINEAR CONCEPTS, LLC
5616 27TH AVE. SO.
MINNEAPOLIS, MN 55417
FREEBOEN COUNTY AUDITOR

DENNIS A. DISTAD
411 SOUTH BROADWAY
ALBERT LEA, MN 56007

NILES-WIESE CONSTRUCTION CO INC
C/O FARRISH JOHNSON LAW OFFICE
1907 EXCEL DR
MANKATO MN 56001

NILES-WIESE CONSTRUCTION CO.
215 1ST ST. NE
MEDFORD, MN 55049

SCOTT AND SHARI LAFAVRE
21540 HAMBURG AVE.
LAKEVILLE, MN 55044

WEBSTER GRADING, INC.
4280 BAGLEY
WEBSTER, MN 55088

7

WINTHROP & WEINSTINE
ATTN: TOM HART
225 SO. 6TH ST.
SUITE 3500
MINNEAPOLIS, MN 55044

Dated: May 6, 2009 /s/Audrey Williams
                                                      Audrey Williams
                                                      Office of the US Trustee

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

**In re:**

**Eagles Rest Development, LLC,**                          BK 08-36741

    **Debtor**

**ORDER**

At St. Paul, Minnesota, on _____, 2009.

The United States Trustee's motion to dismiss this chapter 11 case came before court.

Based on the pleadings, file and record of the these proceedings:

IT IS HEREBY ORDERED:   This case is dismissed pursuant to 11 U.S.C. §1112(b)(1).


Dated: _____                          Dennis D. O'Brien
                                                United States Bankruptcy Judge